UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CYNTHIA WHITE,

                Plaintiff,

v.                                             5:06-CV-1536
                                             (GTS/GJD)

VERIZON COMMUNICATIONS, INC.; and
CHAIRPERSON OF THE VEBC, as Plan Administrator
for the Verizon Long-Term Disability Plan for New York
and New England Associates,

                Defendants.
_____

APPEARANCES:                       OF COUNSEL:

IACONIS, IACONIS & BAUM         KEITH R. WOLFE, ESQ.
  Counsel for Plaintiff
282 Genesee Street
P.O. Box 250
Chittenango, NY 13037

EDWARDS ANGELL PALMER & DODGE LLP    WINDY R. CATINO, ESQ.
  Counsel for Defendants               SCOTT H. CASHER, ESQ.
111 Huntington Avenue
Boston, MA 02199

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      This action, filed pursuant to the Employee Retirement Income Security Act ("ERISA"),

has been removed to this Court from the Supreme Court of New York, pursuant to 28 U.S.C. §§

1331, 1441, 1446.  Generally, in her Complaint, Cynthia White ("Plaintiff") alleges that

Defendant Verizon Communications Inc., and the Chairperson of the VEBC ("Defendants"), as

plan administrator for the Verizon Long-Term Disability ("LTD") Benefits Plan, arbitrarily,

capriciously and unsubstantiated by fact or medical evidence denied Plaintiff LTD benefits to

which she was entitled.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Currently pending before

the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  (Dkt. No.

24.)  Plaintiff has not opposed the motion, despite having asked for and been granted an

extension of the deadline by which to do so.  (Dkt. No. 25.)  For the reasons that follow, the

Court grants Defendants' motion for summary judgment.

I.      **BACKGROUND**

      A.      **Plaintiff's Complaint**

      Liberally construed, Plaintiff's Complaint alleges as follows:

      1.      On or about July 29, 2001, Plaintiff became unable to continue her full-time

employment as a call-center operator with Defendant Verizon because of her numerous physical,

emotional and psychological disabilities, and began receiving short-term benefits;

      2.      On or about April 8, 2002, Plaintiff returned to work on a part-time basis, after

Defendant Verizon insisted that she do so.  Despite her best efforts, Plaintiff was unable to

perform the work tasks assigned to her as a result of her impairments, and, consequentially,

Plaintiff discontinued working for Defendant Verizon on April 10, 2002.  Plaintiff has not

worked for Defendant Verizon or any other employer since April 10, 2002;

      3.      Plaintiff began receiving LTD benefits on August 1, 2002, and was also awarded

disability benefits from the Social Security Administration, based on a determination that she

was "totally disabled" as of July 29, 2001.  During the time Plaintiff was receiving both Short-

Term and LTD benefits, she complied with all of Defendants' requests and attended every

medical and psychological examination arranged for and demanded by Defendant, all of which

confirmed Plaintiff's disability;

4.      Defendants terminated Plaintiff's LTD benefits effective November 8, 2003, for failure to provide requested medical documentation and proof of disability, and Plaintiff subsequently appealed;

5.      MetLife, claims administrator for the plan, conducted additional reviews of the decision denying LTD benefits, each time concluding that the denial of benefits was proper;

6.      Plaintiff appealed to the Verizon Claims Review Committee, exhausting all of her administrative remedies.  The Verizon Claims Review Committee found that the decision to terminate Plaintiff's benefits was proper;

7.      Defendants' failure to reinstate Plaintiff's LTD benefits is against the weight of the competent medical and documentary information, is unsupportable in fact, and constitutes an arbitrary and capricious action on the part of Defendants;

8.      Defendants acted in an arbitrary and capricious manner, breaching their fiduciary duty to the plan and to the Plaintiff; and

9.      The LTD Benefits Plan ("Plan") constituted a contract between Verizon and the beneficiaries that Defendants breached by failing to provide Plaintiff with the LTD benefits available under the Plan, which she was entitled to given the medical evidence in her favor. (Dkt. No. 1.)

Based on these factual allegations, the Court liberally construes Plaintiff's Complaint and its attachments as asserting the following three legal claims against Defendants: (1) a claim that the denial of Plaintiff's LTD benefits was arbitrary and capricious, and unsupported by fact or medical information; (2) a claim that Defendants breached, and grossly disregarded, their fiduciary duty to Plaintiff and the Plan; and (3) a claim that the Plan constitutes a contract

3

between Defendant Verizon and the beneficiaries and intended beneficiaries thereof, which Defendants breached.  (*Id*.)

As a result of these deprivations of her benefits, Plaintiff requests a Court-issued judgment awarding the following relief: (1) a declaration that she has continued to be "disabled" from November 8, 2003, until the present date; (2) the reinstatement of her LTD benefits retroactive to November 8, 2003; and (3) costs and disbursements of this action, including attorneys fees for prosecuting this action, interest owed on the retroactive benefits, and "other and further relief" as the Court may deem "just and proper."  (*Id*.)

### B.    Defendants' Motion

On October 29, 2007, Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56.  (Dkt. No. 24.)  Generally, Defendants' motion is premised on the following four arguments: (1) Defendants' decision to terminate Plaintiff's LTD benefits was not arbitrary and capricious, but reasonable and based on substantial evidence in the administrative record; (2) Plaintiff's identification of evidence supporting her disability is insufficient because deference to diagnoses made by Plaintiff's treating physician is not required in the face of contradictory objective data, and because examinations conducted in 2001 and 2002 do not support Plaintiff's claim for LTD benefits beyond November 2003; (3) Plaintiff's attempt to rely on medical evidence created after the denial of Plaintiff's final administrative appeal to support her claim is invalid; and (4) Plaintiff's receipt of Social Security benefits is non-binding on Defendants, and thus does not make their decision arbitrary and capricious.  (Dkt. No. 24, Part 3, at 16-25 [Defs.' Memo. of Law].)

## II.    LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

4

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P. 56(e)(2).[1]

What this burden-shifting standard means when a plaintiff has failed to respond to a defendant's motion for summary judgment is that "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."[2]

---

[1]        A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party."  *Anderson*, 477 U.S. at 248.  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* [citation omitted].

[2]        *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

5

Rather, practically speaking, the Court must (1) determine what material facts, if any, are

*disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on

the *undisputed* material facts, the law indeed warrants judgment for the defendants.[3]  However,

the plaintiff's failure to respond to the defendant's motion for summary judgment lightens the

burden on the motion to one that is merely "modest."[4]

---

[3]       *See Champion*, 76 F.3d at 486 ("Such a motion may properly be granted only if
the facts as to which there is no genuine dispute show that . . . the moving party is entitled to a
judgment as a matter of law.") [internal quotation marks and citation omitted]; *Allen v.
Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.)
(stating that, where a plaintiff has failed to respond to a defendant's motion for summary
judgment, "[t]he Court must review the merits of Plaintiff's claims").  This requirement (that the
Court determine, as a threshold matter, that the movant's motion has merit) is also recognized by
Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court, which provides that "the non-
moving party's failure to file or serve . . . [opposition] papers . . . shall be deemed as consent to
the granting . . . of the motion . . . unless good cause is shown," *only where the motion has been
"properly filed" and "the Court determines that the moving party has met its burden to
demonstrate entitlement to the relief requested therein."*  N.D.N.Y. L.R. 7.1(b)(3) [emphasis
added].

[4]       *See Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22,
2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for
summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324
(1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y.
Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-
CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting
Report-Recommendation of Lowe, M.J.); *cf. Race Safe Sys. v. Indy Racing League*, 251 F.
Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted
defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed
motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist.
LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule
7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to
dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist.
LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent
Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd,
M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

More specifically, where a plaintiff has failed to properly respond[5] to a defendant's statement of material facts, contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true[6] to the extent that those facts are supported by the evidence in the record.[7]  Similarly, where a plaintiff

---

[5]    *See* N.D.N.Y. L.R. 7.1(a)(3) ("The opposing party shall file a response to the Statement of Material Facts.  The non-movant's response shall mirror the movant's Statements of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs.  Each denial shall set forth a specific citation to the record where the factual issue arises.").  To create a dispute of material fact, it is not sufficient that the non-movant merely challenge the veracity or form of one or more of the movant's supporting affidavits.  *See Chemical Bank v. Hartford Acc. & Indem. Co.*, 82 F.R.D. 376, 378 (S.D.N.Y. 1979); *Hofmann v. John Hancock Mu. Life. Ins. Co.*, 400 F. Supp. 827, 831, n.5 (D. Md. 1975).

[6]    *See* N.D.N.Y. L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party</u>.") [emphasis in original].

[7]    *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004) ("[W]here the non-movant party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. . . .  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement.  It must be satisfied that the citation to evidence in the record supports the assertion.") [internal quotation marks and citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local Rule 7.1(a)(3).  Consequently, the court will accept the *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., Inc.*, 00-CV-1619, 2002 U.S. Dist. LEXIS 4386, at *2-3 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) ("Local Rule 7.1 requires a party opposing summary judgment to respond to the statement of undisputed material facts submitted by the movant.  To the extent such facts are not controverted, *the properly supported facts* will be taken as true.") [emphasis added; citation omitted]; *cf.* Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the

has failed to respond to a defendant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[8]  Stated another way, where a defendant has properly filed a memorandum of law (in support of a properly filed motion for summary judgment), and the plaintiff has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the defendant's memorandum of law are *facially meritorious*.[9]

---

non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made *and supported* as provided in this rule") [emphasis added].

[8]      N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for summary judgment to contain, *inter alia*, a memorandum of law); *cf.* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's *response* . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so *respond*, summary judgment, if appropriate, shall be entered against the adverse party.") [emphasis added]; *see, e.g., Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

[9]      *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *accord, Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe,

Finally, implied in the above-stated burden-shifting standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.[10]

## III.   ANALYSIS

After carefully reviewing all of the papers in this action–including Plaintiff's Complaint and Defendants' unopposed Statement of Material Facts–the Court concludes that, at the very least, Defendants' have met their lightened burden of showing facial merit to their argument that no genuine issue of material fact exists with regard to each of Plaintiff's claims.  Furthermore, the Court concludes that Defendants' argument would survive even a more detailed scrutiny appropriate for a contested motion for summary judgment.  The Court reaches these conclusions for the reasons stated by Defendants in their Memorandum of Law.  (Dkt. No. 24, Part 3, at 16-25 [Defs.' Memo. of Law].)  In the interest of brevity, the Court will not repeat those reasons in detail but will discuss those reasons with some generality.

---

M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[10]     *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *accord, Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

### A.        Plaintiff's Claim of Arbitrary and Capricious Action

As Defendants correctly assert in their motion, the language of the Plan gives Defendants discretionary authority to construe the terms of the Plan and determine whether a claimant is eligible for benefits.  (Dkt. No. 23, Administrative Record, at 0052, 0072 [hereinafter "AR"].) "[W]here the ERISA plan confers upon the plan administrator discretionary authority to 'construe the terms of the plan,' the district court should review a decision by the plan administrator under an excess of allowable discretion standard."  *Frommert v. Conkright*, 535 F.3d 111, 119 (2d Cir. 2008) [citation omitted]; *see also Nicols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 108 (2d Cir. 2005) (noting that the proper standard, when a plan vests the administrator with discretionary authority, is "abuse of discretion.").  Under such an abuse-of-discretion standard, an administrator abuses its discretion only when the administrator's actions are arbitrary and capricious.  *See, e.g., Guglielmi v. Northwestern Mut. Life Ins. Co.*, 06-CV-3431, 2007 WL 1975480, at *4 (S.D.N.Y. July 6, 2007) [citation omitted]).

Since this abuse-of-discretion standard is a "highly deferential standard of review, an administrator's decision should only be disturbed if it is without reason, unsupported by substantial evidence or erroneous as a matter of law, considering the relevant factors of the decision."  *Guglielmi*, 2007 WL 1975480, at *4 [internal quotation marks and citations omitted]. "Substantial evidence consists of such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [administrator and] . . . requires more than a scintilla but less than a preponderance."  *Id*. [internal quotation marks and citations omitted].   As a result, "[a]n administrator's decision under this deferential standard may be upheld even when there is evidence in the record . . . that would have supported a contrary finding."  *Id*. [internal

quotation marks and citations omitted]. Furthermore, "[a] district court's review under the arbitrary and capricious standard is limited to the administrative record." *Id*. [internal quotation marks and citations omitted].

Here, Defendants upheld the decision of MetLife, which was the claims administrator of the Plan, to terminate Plaintiff's LTD benefits on November 8, 2003. (*See* Dkt. No. 1, ¶ 21 [Plf.'s Compl.].) MetLife's decision to terminate was based on two events: (1) the failure of both Plaintiff and her physician to respond to a letter from MetLife written on July 14, 2003, requesting updated information in support of her claim for LTD benefits (AR at 0166-0167); and (2) a follow-up letter written on October 14, 2003, requesting the same information, and warning Plaintiff that failure to provide the requested documentation by October 27, 2003, would result in the denial of her claim for LTD benefits (AR at 0150). Metlife requested this information from Plaintiff after her husband informed a MetLife representative on June 12, 2003, that his wife was capable of babysitting. (AR at 0162-0164.)[11] A MetLife clinical specialist then interviewed Plaintiff on June 23, 2003, and observed that she displayed no evidence of concentration or memory problems, her speech was normal, and she did not seem depressed, despite her assertions that these symptoms contributed to her inability to work. (*Id*.)

Under the Plan, as a condition of continued receipt of LTD benefits, the claims administrator reserves the right to request updated medical records. (AR at 0012, 0044.) In addition, the Plan indicates that "[e]ach Covered Person receiving long term disability benefits under the Plan (or claiming eligibility for benefits under the Plan) shall supply medical

---

[11]     Plaintiff left her job at Verizon on April 10, 2002, only two days after returning to work, because she claimed she was unable to handle the duties of the job for even two hours a day. (Dkt. No. 1, ¶ 19 [Plf.'s Compl.].)

information and objective medical evidence of the Covered Person's condition and shall be examined by a qualified health care professional selected or approved by the Benefits Administrator at any time requested by the Benefits Administrator."  (AR at 0012.)

Certainly, the administrator had not only a right but a reason to request medical information after the occurrence of the June 12 and June 23, 2003, incidents described above.[12] In light of the fact that Plaintiff did not respond to the request for medical information after being given more than three months to do so, the Court finds that MetLife did not act improperly in terminating Plaintiff's benefits.  Given that MetLife's actions were not arbitrary or capricious, the Court concludes that Defendants' decision to uphold MetLife's decision was not an abuse of discretion, but was (under the circumstances) reasonable,[13] and based upon substantial evidence in the administrative record.[14]

For these reasons, the Court grants Defendants' motion for summary with regard to

---

[12]     It was not an abuse of discretion for Defendants to supplement subjective records with objective records.  In addition, as noted in *Couture v. UNUM Provident Corp*, "[i]t is not unreasonable for an insurer to credit objective evidence over subjective evidence."  315 F. Supp.2d 418, 432 (S.D.N.Y. 2004).

[13]     Defendants are correct in pointing out that a decision by the Social Security Administration to award benefits is not binding on the creators and administrators of an employee benefits plan, since the determination of whether or not to award benefits under a plan is largely based on "an interpretation of the plan at issue."  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003).

[14]     Even if Defendants' decision to uphold MetLife's decision had been based on Defendants' independent review of the medical records submitted delinquently by Plaintiff in December 2003 (after the termination of her benefits), such a decision by Defendants would have been reasonable and supported by substantial evidence.  (AR at 0162-0163, 0168, 0584-0585.)  Furthermore, Defendants were entitled to credit MetLife's independent psychiatric and medical consultants and the opinion of Verizon's Medical Director over the opinions of Plaintiff's treating physicians, as explained above.

Plaintiff's claim of arbitrary and capricious action.

> **B.**      **Plaintiff's Claim of Breach of Fiduciary Duty**

Without identifying which part of the ERISA statute is applicable, Plaintiff has alleged that Defendants "breached their fiduciary duty to the Plan and to Plaintiff" by failing "to grant the LTD benefits to which Plaintiff is entitled, notwithstanding the fact that competent medical evidence has indicated that Plaintiff was 'disabled' within the meaning of the Plan."  (Dkt. No. 1, ¶ 39 [Plf.'s Compl.].)  "As part of their duty, ERISA fiduciaries must inform plan participants and beneficiaries about the nature of their coverage."  *Williams v. Caterpillar, Inc.*, 944 F.2d 658 (9th Cir. 1991) [citations omitted].  In addition, a fiduciary must act in accordance with Plan documents and instruments.  29 U.S.C. § 1104(a)(1)(D).  Further, ERISA requires that a fiduciary act as a prudent person.  29 U.S.C. § 1104(a)(1)(B).  As a result, the standard is objective in that the focus is on the process–not the results–that the fiduciary undergoes in reaching a decision.  *See*, *e.g.*, *Katsaros v. Cody*, 744 F.2d 270, 279 (2d Cir. 1984); *see also* James F. Jorden, *et al.*, *Handbook on ERISA Litigation* § 4.03[A], at 4-74 (3d ed. 2007) [citations omitted].

The Supreme Court has held that 29 U.S.C. § 1132(a)(2)–"the enforcement provision . . . [that] authorizes suits by four classes of party-plaintiffs"–limits relief to "the plan as a whole."  *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985).  Thus, the statute does not provide relief for individual participants or beneficiaries under a claim of breach of fiduciary duty.  *Russell*, 473 U.S. at 142-44; *see also* Jorden, *Handbook on ERISA Litigation* § 5.04[A], at 5-38 [citations omitted].

Here, it is clear that Defendants acted as prudent persons, because Plaintiff was afforded

the right to appeal MetLife's decision to terminate her benefits, and in exercising this right, Defendants considered documentation submitted after the decided termination date, despite the fact that they ultimately reached the same conclusion that Plaintiff's LTD benefits should be terminated.  For example, throughout the various levels of appeal review, Defendants hired an independent psychiatrist and an independent physician to evaluate Plaintiff's medical records; they obtained an opinion from a MetLife psychiatric clinical specialist regarding Plaintiff's impairments and use of medication; and they reviewed diagnoses made by Plaintiff's treating physicians.  (AR at 0178, 0202-0203, 0514-0515, 0523-0524, 0584-0585.)   In addition, there is no indication in the record that Defendants failed to act in accordance with the Plan, or that Defendants failed to inform Plaintiff about the nature of her coverage.

For these reasons, the Court grants Defendants' motion for summary judgment with regard to Plaintiff's claim of breach of fiduciary duty.

### C.    Plaintiff's Claim of Breach of Contract

"ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein."  *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991) [citations omitted].  "The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell*, 944 F.2d at 1275-76 [citations omitted].)  Given the broad scope of ERISA,[15] "only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted."  *Id.* at 1276.  Finally, and most importantly with regard to this matter, "[i]t is not the label placed on a state law claim that determines whether it is

---

[15]        *See, e.g., Pilot Life,* 481 U.S. at 41.

preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Id*. [citations omitted].

"The term 'employee benefit plan' is defined in ERISA as 'an employee welfare benefit plan or an employee pension plan.'" *Barnable v. First Fortis Life Ins. Co.*, 44 F. Supp.2d 196, 201 (E.D.N.Y. 1999) (quoting 29 U.S.C. § 1002[3]).  The statute also indicates that "employee welfare benefit plan includes any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness [or] disability. . . ." 29 U.S.C. § 1002(1).  In addition, "[a]n ERISA plan is established when[,] from the surrounding circumstances[,] a reasonable person can ascertain (1) the intended benefits, (2) a class of beneficiaries, (3) the source of financing, and (4) the procedures for receiving benefits." *Barnable*, 44 F. Supp.2d at 201 [citation omitted].

Here, as in *Barnable*, "[i]t is clear that the Plan at issue . . . is an 'employee benefit plan' within the meaning of ERISA.  The benefits at issue are long term disability benefits and Plaintiff was an employee covered by the plan."  *Id*.  In addition, Defendant "is the source of financing and the procedures for receiving benefits are contained in the Plan."  *Id*.  The Plan also "does not fall into ERISA's safe harbor provision of 29 C.F.R § 2510.3-1(j)."  *Id*. [citation omitted].  Finally, the "relates to" requirement is satisfied in that Plaintiff's New York State breach-of-contract claim "relates to" an ERISA covered employee benefit plan under Section 502(a)(1)(B) of ERISA, which "authorizes a claimant to commence suit 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"  *Id*. [citation omitted].

15

For these reasons, the Court grants Defendants' motion for summary judgment with regard to Plaintiff's claim of breach of contract.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order upon all the parties.

Dated: December 17, 2008
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

16